IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

WILLIAM L. MEDDING and
LENORE LAWRENCE-MEDDING,

      Plaintiffs,

    v.                                           Civil Action No. _____

NATIONSTAR MORTGAGE LLC,

      Defendant.

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND, BALTIMORE DIVISION:

Pursuant to 28 U.S.C. § 1331, 1332, 1441 and 1446, Defendant Nationstar Mortgage LLC ("Nationstar"), by counsel, hereby removes this action from the Circuit Court for Carroll County, Maryland, to the United States District Court for the District of Maryland, Baltimore Division.

Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331, diversity jurisdiction pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c). Accordingly, Nationstar removes this action to this Court, and in support of its Notice of Removal states the following:

## I.    BACKGROUND

1.    On or about December 1, 2016, Plaintiffs William L. Medding and Lenore Lawrence-Medding ("Plaintiffs") filed a Complaint against Nationstar in the Circuit Court for Carroll County, Maryland, Case No. 06-C-16-072519 ("State Court Action"). A copy of the

Complaint filed in the State Court Action is attached hereto as **Exhibit A**. The Summons, Case Information Sheet and Notice of Service of Process served on Nationstar are collectively attached as **Exhibit B**.

2.      This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

3.      Nationstar was served with the Complaint on February 16, 2017. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

4.      In their Complaint, Plaintiffs assert claims, among other things, purporting to arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). Additionally, Plaintiffs allege claims against Nationstar for illegal collection practices.

5.      Plaintiffs seek monetary damages, punitive damages, statutory damages, and attorneys' fees and costs. Plaintiffs seek damages in excess of $300,000. (*See* Compl. at Prayer for Relief).

6.      Nationstar denies the allegations in the Complaint, denies that Plaintiffs have stated a claim for which relief may be granted, and denies that Plaintiffs have been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiffs' claims are valid, they could have originally filed the Complaint in this Court under federal question jurisdiction because resolution of Plaintiffs' claims will require determination of significant, disputed issues under federal law. Plaintiffs also could have filed the Complaint in this Court under federal diversity jurisdiction because the amount in controversy well exceeds $75,000, and Plaintiffs and Nationstar are completely diverse. Further, this Court has supplemental jurisdiction over Plaintiffs' state law claims. Removal of this entire case is therefore proper under 28 U.S.C. §§ 1331, 1332, 1367(a), and 1441.

## II.     FEDERAL JURISDICTION

### A.     Federal Question Jurisdiction Exists Over Plaintiffs' Claims

7.      In Count IV of the Complaint, Plaintiffs allege that Nationstar violated the FCRA when it allegedly "informed the major credit reporting agencies on numerous separate occasions that Plaintiffs owed Defendant the sum of $42,965.00 with an alleged past due balance in excess of $2,400.00 and an account status of more than 120 days past due, resulting in erroneous entries to the Plaintiffs' credit reports."  (Comp. ¶ 33).

8.      Federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists over this action because the claims asserted by Plaintiffs in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law, including the FCRA.

9.      Further, resolution of Plaintiffs' purported state law claims will involve determination of issues dependent upon and intertwined with their FCRA claim.  It is well established that federal jurisdiction exists even when the complaint only purports to assert state law claims if the resolution of those claims depends on significant questions of federal law. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 303, 312 (2005).  Indeed, in determining whether issues arise under federal law, the Court considers the substance of the underlying allegation, rather than its label or form. *Kidd v. TA Operating, LLC*, No. 3:10-cv-69, 2010 U.S. Dist. LEXIS 25659, at *4-5 (E.D. Va. March 18, 2010) (holding that federal jurisdiction is proper where the allegations, in substance, assert claims arising under the Constitution, laws, or treaties of the United States, despite plaintiff's argument that he brings only state law claims, finding that "the Court must independently analyze the jurisdictional underpinnings by reviewing the allegations of the Complaint"); *Cuyahoga River Power Co. v. N. Ohio Traction & Light Co.*, 252 U.S. 388, 397 (1920) (concluding that "federal question [exists] not in mere form but in substance, and not in mere assertion, but in essence and effect").

10.     Removal is thus proper pursuant to 28 U.S.C. § 1441(a) because the controversy between Plaintiffs and Nationstar involves questions of federal law, purporting to arise under the FCRA, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

**B.     Diversity Jurisdiction Exists Over Plaintiffs' Claims**

11.     In addition to federal question jurisdiction, Plaintiffs' Complaint gives rise to diversity jurisdiction as the citizenship of Plaintiffs and Nationstar is completely diverse and the amount in controversy exceeds $75,000.

**1.     Diversity of Citizenship**

12.     Upon information and belief, Plaintiffs are citizens of Carroll County, Maryland. (Comp. ¶ 1).

13.     Nationstar is a limited liability company organized under the laws of Delaware, with its principal place of business in Coppell, Texas.   Nationstar has two members: (1) Nationstar Sub1 LLC ("Sub1") (99%) and (2) Nationstar Sub2 LLC ("Sub2") (1%).  Both Sub1 and Sub2 are Delaware limited liability companies, with a principal place of business in Texas. Sub1 and Sub2 each have as their sole member Nationstar Mortgage Holdings Inc. ("NSM Holdings"), a Delaware corporation with a principal place of business in Texas.    Accordingly, Nationstar is a citizen of Texas and Delaware. *See, e.g.*, *Tonea v. Nationstar Mortg. LLC*, No. 1:16cv3009, 2017 U.S. Dist. LEXIS 12646, at *8-9 (N.D. Ga. Jan. 11, 2017); *Nationstar Mortg. LLC v. Baker*, No. 4:16cv150, 2016 U.S. Dist. LEXIS 74848, at *2-3 (E.D. Tex. June 8, 2016). Stated differently, Nationstar does not have Maryland citizenship for purposes of determining diversity jurisdiction. *See Gen. Tech. Applications, Inc. v. Exro Ltd.*, 388 F.3d 114, 121 (4th Cir. 2004) (holding that limited liability company's "citizenship is that of its members").

14.     Therefore, there is complete diversity of citizenship as the citizenship of Plaintiffs is diverse from the citizenship of Nationstar.

**2.     Jurisdictional Amount**

15.     Plaintiffs' claims, when aggregated, clearly exceed the $75,000 amount in controversy threshold.

16.     In their Complaint, Plaintiffs seek the following in their Prayer for Relief:

a) monetary damages in the amount of $10,000.00 for loss of favorable interest rate on purchase of vehicle, b) $50,000.00 for damage to Plaintiffs' post-Bankruptcy credit reputation; c) $1,000.00 for each violation of the Fair Credit Reporting Act; d) $250,000.00 for punitive damages to , among other things, deter Defendant from engaging in similar conduct in the future e) award Plaintiff full attorney's fees, costs and court fees incurred in prosecuting this action; and f) for such other and further relief as the nature of their cause may require.

(Compl. at Prayer for Relief).  Accordingly, Plaintiffs' claimed damages sought in this case are well in excess of the $75,000.00 jurisdictional minimum.

17.     Accordingly, this case qualifies for federal diversity jurisdiction and is property removable pursuant to 28 U.S.C. § 1332.

**C.     All Remaining Claims Are Within the Court's Supplemental Jurisdiction**

18.     Because the Court has jurisdiction, by virtue of federal question and diversity jurisdiction, over the claims discussed above, this Court has supplemental jurisdiction over all remaining claims.  *See* 28 U.S.C. § 1367.  Further, Plaintiffs' state law claims are so related to Plaintiffs' federal claims that are within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.  Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).

### III.     VENUE

19.     Venue is proper in this Court because this district and division encompass the Circuit Court for Carroll County, Maryland, the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

## IV.    NOTICE

20.    Concurrent with filing this Notice of Removal, Nationstar will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court for Carroll County, Maryland and will attach a copy of this Notice of Removal thereto.  A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit C**.

21.    Nationstar reserves the right to amend its Notice of Removal and/or oppose any amendment of Plaintiffs' Complaint that would add any non-diverse defendant(s), destroying this Court's diversity jurisdiction.

22.    If any questions arise as to the proprietary of the removal of this action, Nationstar requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE Defendant Nationstar Mortgage LLC hereby removes this action to this Court and seeks whatever further relief this Court deems equitable and just.

Dated:  March 17, 2017                               Respectfully submitted,

**NATIONSTAR MORTGAGE LLC**

S. Mohsin Reza, Esq.
Troutman Sanders LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
Telephone: (703) 734-4351
Facsimile: (703) 448-6510
mohsin.reza@troutmansanders.com
*Counsel for Nationstar Mortgage LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

WILLIAM L. MEDDING and
LENORE LAWRENCE-MEDDING,

       Plaintiffs,

v.                                   Civil Action No. _____

NATIONSTAR MORTGAGE LLC,

       Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March, 2017, a true and correct copy of the foregoing Notice of Removal was sent via first class mail, postage prepaid, to the following:

**Counsel for Plaintiffs**
Edward M. Miller
Miller & Miller, LLP
39 N. Court Street
Westminster, MD 21157

_____
S. Mohsin Reza, Esq.
Troutman Sanders LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
Telephone: (703) 734-4351
Facsimile: (703) 448-6510
mohsin.reza@troutmansanders.com
*Counsel for Nationstar Mortgage LLC*