| | | |
|---|---|---|
| WILLIAM L. MEDDING | * | IN THE |
| LENORE LAWRENCE-MEDDING | | |
| Plaintiffs | * | |
| | | CIRCUIT COURT |
| v. | * | |
| | | |
| NATIONSTAR MORTGAGE, LLC | * | FOR |
| 8950 Cypress Walters Blvd. | | |
| Coppell. TX 75019 | * | |
| (Serve on: CSC-Lawyers Incorporating | | CARROLL COUNTY |
| 7 St. Paul St. #820 | * | |
| Baltimore, MD 21202, | | |
| Resident Agent) | * | Case No.: C 16 7251? |
| Defendant | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiffs William L. Medding and Lenore Lawrence-Medding, by and through counsel, put forth the following grounds to file civil suit against Defendant Nationstar Mortgage, LLC; and in support thereof state as follows:

## PARTIES

1. Plaintiffs William L. Medding and Lenore Lawrence-Medding are residents of Carroll County, Maryland.

2. Defendant Nationstar Mortgage, LLC is a limited liability company organized pursuant to the laws of the State of Delaware, whose principal place of business is located in the State of Texas and was at all times relevant to this Complaint was doing business in Carroll County, Maryland. Defendant's Registered Agent in Maryland is CSC-Lawyers Incorporating Service Company, 7 St. Paul Street #820, Baltimore, Maryland 21202.

RCVD DEC 01 '16 PM 12:10

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to Md. Cts. & Jud. Proc. Code Ann. § 6-103 as the Defendant transacts business in the State of Maryland.

4. Venue in this Court is appropriate pursuant to Md. Cts. & Jud. Proc. Code § 6-201 as the cause of action arose in Carroll County.

5. The amount of Plaintiff's claim exceeds the jurisdictional limit of the District Court, and the appropriate venue for this claim is the Circuit Court for Carroll County.

## FACTUAL ALLEGATIONS

6. Plaintiffs filed a Chapter 13 Bankruptcy case in the District of Maryland, Baltimore Division, on March 17, 2009 (the "Petition Date").

7. On the Petition Date, the Plaintiffs owned the real property known as 791 Windsor Court, Westminster, Maryland 21158 (the "Property"). Plaintiffs still own and reside in the Property.

8. The Property was subject to first and second mortgage liens. The second mortgage lien was evidenced by a Note and Security Agreement dated April 28, 2006 in the original amount of Forty Six Thousand Dollars ($46,000.00) and secured by a Deed of Trust dated April 28, 2006 which was recorded among the Land Records of Carroll County on May 12, 2006 and re-recorded October 30, 2006 in order to correct a transposition of the Property address (the "Second Mortgage"). The Second Mortgage was serviced by Wilshire Credit Corporation ("Wilshire") which filed a proof of claim in the Bankruptcy case on June 15, 2009.

9. On July 3, 2009, Plaintiffs' filed a Motion to Avoid Lien on Debtors' Primary Residence. The purpose of the Motion was to avoid Wilshire's fully unsecured second lien. The Bankruptcy Court entered its Order to Avoid Lien on August 10, 2009. Notice of the Court's

Order was sent to Wilshire by the Bankruptcy Noticing Center on August 12, 2009 (*see*, Exhibit A", copy of Noticing Center Mailing Certificate & Order Avoiding Lien).

10.  The Order Avoiding Lien would become effective upon entry of the Discharge Order.

11.  On July 29, 2010, Wilshire transferred its claim to BAC Home Loan Servicing, LP ("BAC")(*see*, "Exhibit B", copy of Transfer of Claim).

12.  On August 6, 2013, BAC transferred the Wilshire claim to Defendant (*see*, "Exhibit C", copy of Transfer of Claim).

13.  The Discharge Order was entered by the Bankruptcy Court on October 6, 2014.

14.  The Bankruptcy Noticing Center sent a copy of the Discharge Order to Defendant on October 8, 2014 (*see*, "Exhibit D", copy of Noticing Center Mailing Certificate & Discharge Order).

15.  Following Plaintiffs' discharge from Bankruptcy, Defendant, in an attempt to collect the discharged debt, informed the major credit reporting agencies on separate occasions that Plaintiffs owed Defendant the sum of $42,965.00 with an alleged past due balance in excess of $2,400.00 and an account status of more than 120 days past due, resulting in erroneous entries to the Plaintiffs' credit reports.

16.  As a result of Defendant's credit reporting, Plaintiffs were denied a loan to refinance their vehicle, costing them thousands of dollars in interest expense, and experienced embarrassment from being denied the refinance due to Defendant's illegal credit reporting.

17.  Defendant, in an attempt to collect a discharged debt, communicated with Plaintiffs via phone on numerous occasions.  Plaintiffs repeatedly informed Defendant of the Bankruptcy discharge and the avoidance of the mortgage lien during these phone contacts.

## COUNT I - DISCHARGE ORDER VIOLATION - INCORRECT
## REPORTING TO CREDIT BUREAUS

18. In this Count, Plaintiffs hereby re-allege and incorporate by reference each of the other allegations contained in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. Defendant received notice of the Bankruptcy discharge by means of the notice sent to it by the Bankruptcy Noticing Center.

20. Defendant willfully violated the discharge order by repeatedly reporting an alleged and continuing default of the discharged debt on Plaintiffs' credit reports.

21. Defendant had knowledge of the Discharge Order. By its conduct in intentionally and falsely reporting the status of the second mortgage loan, Defendant violated the Discharge Order.

WHEREFORE, Plaintiffs request judgment against Defendant for actual and punitive damages, together with interest, cost of suit, and reasonable attorneys' fees.

## COUNT II - DISCHARGE ORDER VIOLATION - ATTEMPTS TO
## COLLECT DISCHARGED DEBT

22. In this Count, Plaintiffs hereby re-allege and incorporate by reference each of the other allegations contained in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendant received notice of the Bankruptcy discharge by means of the notice sent to it by the Bankruptcy Noticing Center.

24. Defendant willfully violated the Discharge Order by continuing to make collection phone calls to the Plaintiffs and sending notices to Plaintiff in an attempt to collect the discharged debt.

25. Defendant had knowledge of the Discharge Order. By its conduct, Defendant violated the Discharge Order.

WHEREFORE, Plaintiffs request judgment against Defendant for actual and punitive damages, together with interest, cost of suit, and reasonable attorneys' fees.

COUNT III - ILLEGAL COLLECTION PRACTICES

26. In this Count, Plaintiffs hereby re-allege and incorporate by reference each of the other allegations contained in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. At a time following entry of the Discharge Order, Defendant telephoned Plaintiffs daily (and sometimes twice daily) at their residence to demand payment of amounts not owed. These calls, which were an interruption of Plaintiffs' day, continued despite repeated requests by Plaintiffs not to call and specific directions by Plaintiffs to Defendant to contact Plaintiffs' attorney.

28. During this same period, Defendant sent monthly notices of alleged past due payments to Plaintiffs.

29. By these calls and notices, Defendant made repeated demands to Plaintiffs pay an amount Plaintiffs did not owe. The calls threatened Plaintiffs with increased collection activity, including foreclosure, and insulted Plaintiffs veracity when Plaintiffs attempted to explain the discharge and lien avoidance orders. Defendant, by telephone, made it clear it was not investigating Plaintiffs' claim that the debt was discharged and the lien was avoided. These continuing threats of foreclosure to Plaintiffs' home, especially in light of the completion of Plaintiffs' five year Bankruptcy plan and the avoidance of Defendant's lien against the home, caused a great deal of fear and anxiety to Plaintiffs.

30. As a direct and proximate result of Defendant's actions, Plaintiffs have suffered economic damages, including but not limited to loss of favorable interest rates of a vehicle

refinance loan, a damaged credit rating, increased stress, embarrassment, and humiliation,

WHEREFORE, Plaintiffs request judgment against Defendant for actual and punitive damages, together with interest, cost of suit, and reasonable attorneys' fees.

## COUNT IV - VIOLATION OF FAIR CREDIT REPORTING ACT

31. In this Count, Plaintiffs hereby re-allege and incorporate by reference each of the other allegations contained in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Defendant received notice of the Bankruptcy discharge by means of the notice sent to it by the Bankruptcy Noticing Center.

33. Following Plaintiffs' discharge and close of the Bankruptcy case, Defendant informed the major credit reporting agencies on numerous separate occasions that Plaintiffs owed Defendant the sum of $42,965.00 with an alleged past due balance in excess of $2,400.00 and an account  status of more than 120 days past due, resulting in erroneous entries to the Plaintiffs' credit reports.

34. As a direct and proximate result of Defendant's willful violation of the Fair Credit Reporting Act, Plaintiffs have suffered economic damages including, but not limited to, loss of favorable interest rates of a vehicle refinance, a damaged credit rating, increased stress, embarrassment, and humiliation.

WHEREFORE, Plaintiffs request judgment against Defendant for actual and punitive damages, together with interest, cost of suit, and reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

a) monetary damages in the amount of $10,000.00 for loss of favorable interest rate on

purchase of vehicle; b) $50,000.00 for damage to Plaintiffs' post-Bankruptcy credit reputation;

c) $1,000.00 for each violation of the Fair Credit Reporting Act; d) $250,000.00 for punitive

damages to, among other things, deter Defendant from engaging in similar conduct in the future;

e) award Plaintiff full attorney's fees, costs and court fees incurred in prosecuting this action; and

f) for such other and further relief as the nature of their cause may require.

WE EACH SOLEMNLY AFFIRM under the penalties of perjury that the contents of the

foregoing Complaint are true to the best of our knowledge information and belief.

William L. Medding

Lenore Lawrence- Medding

Edward M. Miller
Miller & Miller, LLP
39 N. Court Street
Westminster, MD 21157
410-751-5444
Fax: 410-75106633
E-mail: mmllplawyers @verizon.net
Attorneys for Plaintiffs

# EXHIBIT A

Entered: August 10, 2009
Signed: August 07, 2009

**SO ORDERED**



_James F. Schneider_
**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| IN RE: | * | Case No.: 09-14423-JFS |
| WILLIAM L. MEDDING<br>LENORE LAWRENCE-MEDDING<br>Debtors | *<br>* | Chapter 13 |
| * * * * * * * * * * * * * * * | | |
| WILLIAM L. MEDDING<br>LENORE LAWRENCE-MEDDING<br>Movants | *<br>* | Account No. xxx1347 |
| v. | * | |
| WILSHIRE CREDIT CORPORATION<br>as servicer for<br>U.S. BANK NATIONAL ASSOCIATION,<br>as Trustee for the<br>SPECIALTY UNDERWRITING AND<br>RESIDENTIAL FINANCE TRUST<br>MORTGAGE LOAN ASSET-BACKED<br>CERTIFICATES SERIES 2006-BC4 | *<br>*<br>*<br>*<br>* | |
| U.S. BANK NATIONAL ASSOCIATION,<br>subsidiary of US BANCORP, a<br>Delaware corporation, | *<br>* | |
| Respondents | *<br>* | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER GRANTING DEBTORS' MOTION TO AVOID LIEN
### ON DEBTORS' PRINCIPAL RESIDENCE

1

Having considered Debtors' Motion to Avoid Lien, and any response filed thereto, and it appearing that proper notice has been given, pursuant to 11 U.S.C. Sec. 506 and for the reasons set forth in the case of Johnson v. Asset Management Group, LLC, 226 B.R. 364 (D.Md. 1998), it is by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the claim of Respondent be and is hereby deemed wholly unsecured.

ORDERED, that at such time as a Discharge Order is entered pursuant to 11 U.S.C. Sec. 1328(a) in this case, the lien held in favor of Respondent on Debtor's real property described as 791 Windsor Court, Westminster, Maryland 21158, shall be void, and it is further

ORDERED, that the claim of Respondent herein shall be allowed as a general unsecured claim under the Debtors' plan.

cc:  William L. Medding
     Lenore Lawrence-Medding
     791 Windsor Ct.
     Westminster, MD 21158
     Debtors

     Edward M. Miller, Esq.
     Miller & Miller, LLP
     129 East Main St. #205
     Westminster, MD 21157
     Attorneys for Debtors

     Ellen W. Cosby
     Trustee
     P.O. Box 20016
     Baltimore, MD 21284-0016

     Wilshire Credit Corporation,
     P. O. Box 1650
     Portland, OR 97207-1650
     Attention: Anita Frank, Legal Assistant

2

CSC-Lawyers Incorporating
Service Company, Resident Agent
for Wilshire Credit Corporation
7 St. Paul St. #1660
Baltimore, MD 21202

U.S. Bank National Association,
subsidiary of U.S. Bancorp
c/o The Corporation Trust Company,
Resident Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**END OF ORDER**

3

## Notice Recipients

| District/Off: 0416−1 | User: dwalston | Date Created: 8/10/2009 |
|---|---|---|
| Case: 09−14423 | Form ID: pdfall | Total: 8 |

**Recipients of Notice of Electronic Filing:**
tr      Ellen W. Cosby          ECF@ch13balt.com
aty     Edward M. Miller        mmliplawyers@verizon.net

TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db      William L. Medding          791 Windsor Ct.       Westminster, MD 21158−4288
db      Lenore Lawrence−Medding         791 Windsor Ct.       Westminster, MD 21158−4288
cr      Wilshire Credit Corporation         POB 1650        Portland, OR 97207−1650
        U.S. Bank National Association,         c/o The Corporation Trust Company,        Resident Agent        Corporation
        Trust Center        1209 Orange Street        Wilmington, DE 19801
        CSC−Lawyers Incorporating        Service Company, Resident Agent        for Wilshire Credit Corporation        7
        St. Paul St. #1660        Baltimore, MD 21202
        Wilshire Credit Corporation,        P. O. Box 1650        Portland, OR 97207−1650        Attention: Anita Frank,
        Legal Assistant

TOTAL: 6

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

William L Medding and
In re ___Lenore Lawrence-Medding_____,          Case No. ___09-14423_____

## TRANSFER OF CLAIM FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, for security, of the claim referenced in this evidence and notice.

| BAC Home Loan Servicing, LP | Wilshire Corporation |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
should be sent: BAC Home Loan Servicing, LP
  Bankruptcy Department
  2380 Performance Drive
  Mail Stop TX2-984-05-03
  Richardson, TX 75082
  Email: jennifer.r.schnaufer@bankofamerica.com
Phone: _____1-800-669-6607_____

Last Four Digits of Acct #: _____2340_____

Court Claim # (if known): ___8_____
Amount of Claim: _____44637.78_____
Date Claim Filed: _____06/15/2009____

Phone: ____503-223-5600_____

Last Four Digits of Acct. #: _1347_____

Name and Address where transferee payments
should be sent (if different from above):
  BAC Home Loan Servicing, LP
  Bankruptcy Department
  7105 Corporate Drive
  Mail Stop TX2-982-0303
  Plano, TX 75024
Phone: _____800-669-6607_____

Last Four Digits of Acct #:_____2340_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ___/s/ James Cloud_____          Date: ____7/9/2010_____
      Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

This form is intentionally blank.

The notice is scheduled to be processed by the Bankruptcy Noticing Center (BNC).

Refer to the BNC Certificate of Service entry to view the actual form.

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**District of Maryland (Baltimore)**

IN RE:                                                    Case No.:    09-14423
Debtors: William L. Medding and Lenore Lawrence-          Loan Number (Last 4):    2997
Medding

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and
notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence
and notice.

Nationstar Mortgage, LLC                                  BAC Home Loan Servicing, LP
                                                         Bankruptcy Department
Name of Transferee                                        Name of Transferor

350 Highland Drive                                        Court Claim # (if known): 8
Lewisville, TX 75067                                      Amount of Claim:         $44,637.78
                                                         Date Claim Filed:        06/15/2009

Phone:   877-782-7612                                     Last Four Digits of Acct #:   2340
Last Four Digits of Acct #:   2997

Name and Address where transferee payments should be sent (if different from above):


350 Highland Drive
Lewisville, TX 75067


Phone:   877-782-7612

Last Four Digits of Acct #:   2997

Transfer Effective: July 01, 2013

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and
belief.

By:    /s/ Diana Duarte                                   Date:    08/06/2013
       Authorized Filing Agent
       (Approved by: Megan Koza)

Specific Contact Information:
P: 877-782-7612
Megan.Koza@nationstarmail.com


Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

439749-06a450bf-9099-49e2-ac7e-c10fb6b8fd8a

**This form is intentionally blank.**

**The notice is scheduled to be processed by the Bankruptcy Noticing Center (BNC).**

**Refer to the BNC Certificate of Notice entry to view the actual form.**

# EXHIBIT D

United States Bankruptcy Court
District of Maryland

In re:                                                           Case No. 09-14423-JS
William L. Medding                                               Chapter 13
Lenore Lawrence-Medding
          Debtors                    **CERTIFICATE OF NOTICE**

District/off: 0416-1        User: lalexande        Page 1 of 2        Date Rcvd: Oct 06, 2014
                            Form ID: B18W          Total Noticed: 41

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 08, 2014.
db/db       William L. Medding,   Lenore Lawrence-Medding,   791 Windsor Ct.,   Westminster, MD 21158-4288
tr         +Ellen W. Cosby,   300 E Joppa Road, Suite 409,   Towson, MD 21286-3005
cr         +BANK OF AMERICA, N.A.,   McCabe, Weisberg &,   312 Marshall Ave, Suite 800,
            Laurel, MD 20707-4808
26102176   +BAC Home Loan Servicing, LP,   Bankruptcy Department,   2380 Performance Drive,
            Mail Stop TX2-984-05-03,   Richardson, TX 75082-4333
25075596   +Capital One Financial Corp.,   Bankruptcy Notification,   2730 Liberty Ave.,
            Pittsburgh, PA 15222-4704
25075598    Carroll County Government/Collections,   Bankruptcy Notification,   225 N. Center St.,
            Westminster, MD 21157-5194
25075600    Comptroller Of Maryland,   Revenue Administration Division,   P.O. Box 17132,
            Baltimore, MD 21297-0175
25075613   +Comptroller of the Treasury,   Compliance Division, Room 409,   301 W. Preston Street,
            Baltimore, MD 21201-2305
28260418  ++NATIONSTAR MORTGAGE,   PO BOX 630267,   IRVING TEXAS 75063-0116
            (address filed with court: Nationstar Mortgage, LLC,   350 Highland Drive,
            Lewisville, TX 75067)
25075606   +Quest Diagnostics,   Bankruptcy Notification,   1901 Sulphur Spring Rd.,
            Baltimore, MD 21227-2949
25136257    Sallie Mae Inc. on behalf of,   CSAC/California Student Aid Commission,   CSAC/Edfund,
            P.O. Box 419041,   Cordova, CA 95741-9041
25075614   +State of Maryland DLLR,   Division of Unemployment Insurance,   1100 N. Eutaw Street, Room 401,
            Baltimore, MD 21201-2201
25075610    WFCB/Blair Catalog,   Bankruptcy Notification,   P.O. Box 29239,   Shawnee Mission, KS 66201
25271105    Wilshire Credit Corporation,   P.O. Box 1650,   Portland, OR   97207
25075612    Wilshire Financial Services,   Bankruptcy Notification,   P.O. Box 8517,
            Portland, OR  97207-8517

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr          EDI: RESURGENT.COM Oct 06 2014 19:48:00   B-Line, LLC,   Attn: Steven Kane,   Dept.  550,
            PO Box 91121,   Seattle, WA 98111-9221
cr         +EDI: ECMC.COM Oct 06 2014 19:48:00   ECMC,   P O Box 75906,   St. Paul, MN 55175-0906
25075609    EDI: CHASE.COM Oct 06 2014 19:48:00   Washington Mutual Card Services,
            Bankruptcy Notification,   P.O. Box 660509,   Dallas, TX   75266-0509
25667628    EDI: RESURGENT.COM Oct 06 2014 19:48:00   CR Evergreen, LLC,   MS 550,   PO Box 91121,
            Seattle, WA 98111-9221
25075595    EDI: CAPITALONE.COM Oct 06 2014 19:48:00   Capital One,   Bankruptcy Notification,
            PO Box 30281,   Salt Lake City, UT  84130-0281
25075597   +EDI: RMSC.COM Oct 06 2014 19:48:00   Care Credit/GEMB,   Bankruptcy Notification,
            P.O. Nox 981439,   El Paso, TX 79998-1439
25075615   +E-mail/Text: grouchecg.carr.org Oct 06 2014 19:51:17   Carroll County,
            County Attorney's Office,   225 N. Center Street,   Westminster, MD 21157-5194
25075599    EDI: CHASE.COM Oct 06 2014 19:48:00   Chase,   Bankruptcy Notification,   800 Brooksedge Blvd,
            Westerville, OH  43081-2822
25160434    EDI: CHASE.COM Oct 06 2014 19:48:00   Chase Bank USA NA,   PO BOX 15145,
            Wilmington, DE 19850-5145
25075601    EDI: CRFRSTNA.COM Oct 06 2014 19:48:00   Credit First Nat'l Assoc.,   Bankruptcy Notification,
            P.O. Box 81083,   Cleveland, OH  44181-0083
25148502   +EDI: CRFRSTNA.COM Oct 06 2014 19:48:00   Credit First National Association,   Po Box 818011,
            Cleveland, OH 44181-8011
25075602    EDI: RCSDELL.COM Oct 06 2014 19:48:00   Dell Financial Services,   Bankruptcy Notification,
            12334 N. IH 35,   Austin, TX 78753
25109536    EDI: RESURGENT.COM Oct 06 2014 19:48:00   Dell Financial Services L.L.C.,
            c/o Resurgent Capital Services,   PO Box 10390,   Greenville, SC 29603-0390
25259037    EDI: ECMC.COM Oct 06 2014 19:48:00   ECMC,   Lockbox #8682,   P.O. Box 75848,
            St. Paul, MN 55175-0848
27180925   +EDI: RESURGENT.COM Oct 06 2014 19:48:00   East Bay Funding, LLC,
            c/o Resurgent Capital Services,   PO Box 288,   Greenville, SC 29602-0288
25338088    EDI: RMSC.COM Oct 06 2014 19:48:00   GE Consumer Finance,   For GE Money Bank,
            dba CARE CREDIT/GEMB,   PO Box 960061,   Orlando FL 32896-0661
25338087    EDI: RMSC.COM Oct 06 2014 19:48:00   GE Consumer Finance,   For GE Money Bank,
            dba SELECT COMFORT/GEMB,   PO Box 960061,   Orlando FL 32896-0661
25075603   +EDI: RMSC.COM Oct 06 2014 19:48:00   GE Money Bank,   Bankruptcy Notification,
            PO Box 103104,   Roswell, GA 30076-9104
25075604   +EDI: HFC.COM Oct 06 2014 19:48:00   HSBC Bank,   Bankruptcy Notification,   PO Box 5253,
            Carol Stream, IL 60197-5253
25075605    EDI: IRS.COM Oct 06 2014 19:48:00   Internal Revenue Service,   Bankruptcy Notification,
            PO Box 21126,   Philadelphia, PA 19114-0326
25192666   +EDI: PRA.COM Oct 06 2014 19:48:00   PRA Receivables Management, LLC,
            As Agent Of Portfolio Recovery Assocs.,   PO Box 12914,   NORFOLK VA 23541-0914
25075607    EDI: NAVIENTPKASMSERV.COM Oct 06 2014 19:48:00   Sallie Mae,   Bankruptcy Notification,
            P.O. Box 9500,   Wilkes Barre, PA  18773-9500

District/off: 0416-1          User: lalexande          Page 2 of 2               Date Rcvd: Oct 06, 2014
                             Form ID: B18W             Total Noticed: 41

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
25075608      +EDI: RMSC.COM Oct 06 2014 19:48:00     Select Comfort/GECCC/GEMB,     Bankruptcy Notification,
               P.O. Box 981439,    El Paso, TX 79998-1439
25075611      +EDI: WFFC.COM Oct 06 2014 19:48:00     WFS/Wachovia Dealer Services,    Bankruptcy Notification,
               P.O. Box 1697,    Winterville, NC 28590-1697
25312218       EDI: ECAST.COM Oct 06 2014 19:48:00    eCAST Settlement Corporation,     POB 35480,
               Newark, NJ 07193-5480
25275914       EDI: ECAST.COM Oct 06 2014 19:48:00    eCAST Settlement Corporation assignee of Capital,
               One Bank,    POB 35480,    Newark NJ 07193-5480
                                                                                    TOTAL: 26

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +BAC Home Loan Servicing, LP,    Bankruptcy Department,    2380 Performance Drive,
               Mail Stop TX2-984-05-03,    RICHARDSON, TX 75082-4333
cr*            CR Evergreen, LLC,    MS 550,   PO Box 91121,   Seattle, WA  98111-9221
cr*           +East Bay Funding, LLC,    c/o Resurgent Capital Services,    PO Box 288,
               GREENVILLE, SC 29602-0288
cr*           ++NATIONSTAR MORTGAGE,     PO BOX 630267,    IRVING TEXAS 75063-0116
              (address filed with court: Nationstar Mortgage, LLC.,    350 Highland Drive,
               Lewisville, TX  75067)
cr*           +Wilshire Credit Corporation,    POB 1650,    Portland, OR 97207
28261707*     ++NATIONSTAR MORTGAGE,     PO BOX 630267,    IRVING TEXAS 75063-0116
              (address filed with court: Nationstar Mortgage, LLC,    350 Highland Drive,
               Lewisville, TX 75067)
25075594      ##+Adventist Health Care,    Bankruptcy Notification,    1801 Research Blvd. #300,
               Rockville, MD 20850-3184
                                                                      TOTALS: 0, * 6, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security
Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the
bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 08, 2014                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 6, 2014 at the address(es) listed below:
              Edward M. Miller   mmllplawyers@verizon.net
              Ellen W. Cosby   ECF@ch13balt.com
                                                                      TOTAL: 2

Entered: October 6, 2014
Signed: October 6, 2014

**SO ORDERED**



*James F. Schneider*
**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

**Case No.:   09−14423 − JS     Chapter:   13**

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| William L. Medding<br>aka William Medding, aka William Landon<br>Medding, aka Bill Medding<br>791 Windsor Ct.<br>Westminster, MD 21158−4288 | Lenore Lawrence−Medding<br>aka Lenore Lawrence Medding, aka Lenore<br>L. Medding, fka Lenore V. Lawrence, fka<br>Lenore V. Shields<br>791 Windsor Ct.<br>Westminster, MD 21158−4288 |

Social Security / Individual Taxpayer ID No.:
xxx−xx−6208                              xxx−xx−8860

Employer Tax ID / Other nos.:

## ORDER GRANTING
## DISCHARGE OF DEBTOR(S) AFTER COMPLETION OF CHAPTER 13 PLAN

It appearing that the debtor(s) is/are entitled to a discharge,

ORDERED, that the debtor(s) is/are granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

**B18W – *lalexander***

**End of Order**

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A JOINT CHAPTER 13 CASE

This court order grants a discharge to the persons named as the debtors after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtors a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtors' property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

### Debts That are Not Discharged

Some of the common types of debts which are not discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for certain taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).


**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

B18W – *lalexander*